Dear Senator Cravins:
You are requesting an Opinion from this Office confirming if sheriff agencies are mandated to transport Physician Emergency Certificate (PEC) patients. It is your understanding that sheriff agencies are mandated to transport Order of Protective Custody (OPC) and Coroner Emergency Certificate (CEC) patients, and that only the coroner can write such orders.
Additionally, you are requesting an opinion as to whether law enforcement agencies may provide free transport services for medical facilities when there is a private business able to provide those same services.?
With regard to your first question, this office rendered La. Atty.Gen. Op. No. Opinion No. 00-386 in 2000 which stated:
 "the sheriff's office must transport an individual who is the subject of a physician's emergency certificate to the appropriate treatment facility. See R.S. 28:28:53(F) and Attorney General Opinions 98-181, 96-362 and 95-314. Note further that it is the duty of any "peace officer" to accomplish the transport; the statute does not impose this responsibility exclusively upon the sheriff. (Emphasis added).[1]
 In Atty. Gen. Op. 98-181, this Office concluded that the sheriff must transport the person to be taken into protective custody in compliance with an order issued under R.S. 28:53.2. Atty. Gen. Op. Nos. 96-362, 94-511, 81-660.
The basis for the conclusions reached in these opinions was the requirement under Code of Civil Procedure Article 321 that the sheriff was the proper party to
execute "citations, summons, subpoenas, notices and other process and shall execute writs, mandates, orders and judgments directed to him by the district courts, the courts of appeal, and the supreme court."
This office has stated in Atty. Gen. Op. 96-362 and Op. 80-1083 that the emergency certificate is legal authority for the sheriff to transport a patient to a treatment facility. Furthermore, it has been stated in Atty. Gen. Op. 83-346, that that "the sheriff's department is required to transport these patients under legal authority granted in R.S. 28:53(F).
While it has been determined that the sheriff's office must transport PEC patients, this Office has made it clear in numerous opinions that they are not required to pay for the service and should be reimbursed. In Atty. Gen. Op. No. 83-346 it was observed that the sheriff would be reimbursed by the police jury, but further stated that the amount of remuneration depends upon the nature of the fees and where a patient resides, noting that the parish may seek reimbursement from the parish where the patient resides.
It was also stated that the question of a parish governing body being encumbered for transporting patients to another state agency is covered by R.S. 28:145 which places the cost of these transfers on the party requesting the transfer. It was stated, "If a state agency requests the transfer, then they must pay for the transfer by reimbursing the Sheriff's Department for its expenses."
Therefore, it is still the Opinion of this Office that the Sheriff's Office must transport PEC patients; however, the Sheriff is not required to bear the cost of such transfer.
Your second question involves a law enforcement agency providing free transport services for medical facilities when there is a private company able to provide these same services.
 First, Article VII, § 14(A) of the Louisiana Constitution of 1974 states in pertinent part:
 Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
 A public law enforcement entity would appear, at first glance, to be violating the Constitution by donating "a thing of value" to or for any public or private corporation, so it could not provide free transport services for medical facilities regardless of private providers.
Providing medical transportation potentially involves the health, safety, and welfare of our citizens so it is deserving of an analysis of the variables applicable to your question, such as:
Are the "transport services" emergency or non-emergency;
Is the private company qualified to provide emergency services; and
Is the private company currently under contract with the municipality?
In R.S. 33:4791.1, the legislature clearly articulated its preference for private medical transport companies because of their ability to provide "consistently high quality emergency medical care." Specifically, § A (4) (5) state:
 (4) The policy of this state is to promote medically acceptable and reliable, privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations in order to provide the benefits of that service to its citizens. In furtherance of this policy, the legislature recognizes and affirms that the regulation of such privately operated ambulance service is an essential governmental function.
 (5) The policy of this state is to provide that municipalities and other local governing authorities may regulate privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operation. It is further the policy of the state not to subject any local governing authority or its officers or members to liability under federal antitrust laws.
 The legislature, through § 4791.1, has granted local governing bodies the authority, and has actually encouraged them, to contract with private medical ambulance services. Paragraph B outlines the specific provisions local governing bodies are empowered to regulate. The legislation goes so far as to even allow the local governing body to create a monopoly provider.
 In Med Exp. Ambulance Service, Inc. v. Evangeline Parish Policy Jury and J. William Pucheu, Evangeline Parish District Attorney, 684 So.2d 359 (La. 1996), Med Express was a corporation certified by the State of Louisiana to provide emergency and non-emergency medical services and sought to obtain a permit from the Evangeline Parish Police Jury to operate an ambulance service in Evangeline Parish. At the time, all parish-wide emergency and nonemergency ambulance services in Evangeline Parish were provided by a single operator, Acadian Ambulance Services, Inc. (Acadian Ambulance Service). The Emergency Medical Service Advisory Board determined that there was no need for additional ambulance services on a parish wide basis in Evangeline parish and did not issue a certificate of "public convenience and necessity" to Med Exp. Med Express filed a petition for a temporary restraining order and a permanent injunction seeking to enjoin the Police Jury and any other authority from interfering with Med Express' operation of a parish wide ambulance service. Med Express also sought a declaration that the Police Jury ordinances regulating ambulance service applications were unconstitutional.
The High Court, 684 So.2d at 367, held that:
 The health, safety, and welfare of citizens are appropriate government interests. It seems reasonable to believe that the ordinances regulatory scheme and application process, including requiring a certificate of "public convenience and necessity," would further these interests. See, Gold Cross Ambulance and Transfer v. Kansas City, 705 F.2d 1005
(8th Cir. 1983). (discusses how a single provider system eliminates the incentive created by free-market delivery of ambulance service by private companies to neglect emergency ambulance service in favor of more profitable nonemergency business). Therefore, we hold that the ordinances do not violate Article 1 § 3 of our constitution. Similarly, since the ordinances do not affect a fundamental right and do not constitute arbitrary and unreasonable action, but rather are rationally related to a legitimate government interest, they do not violate Article 1 § 2's due process protections. See, PANO v. City of New Orleans, 94- 1078, p. 16 (La. 1/17/95), 649 So.2d 951, 963.
 State law and local ordinances prevent anyone from providing medical transportation service unless the provider has received a contract and/or certificate to provide such services by the local governing authority.
This preference for private providers is further enforced through legislation addressing Fire Protection Districts and E-911 responses.
 R.S. 40:1500(B) limits the Fire District's emergency transportation of injured and/or ill persons to emergency situations where there is no reasonable expectation of a prompt response by an ambulance. This restriction applies to calls directed to the district by the E-911 system. Thus, only in cases where an ambulance service is unavailable, should the district use its emergency vehicles to respond to an E-911 referral.
Also, an opinion from this office has stated that there is no affirmative legal duty or responsibility upon the sheriff or municipality to furnish ambulance service for accident victims. See Op. Atty. Gen., No. 81-874.
With respect to emergency medical transportation, it appears that the legislature does not desire public law enforcement agencies to provide medical transportation when a qualified private company is currently contracted to provide those same services and/or holds a valid certificate to provide such services.
Regarding non-emergency medical transportation, R.S. 46:2621
(Louisiana Medical Assistance Trust Fund) allows the Department of Health and Hospitals, through the Medicaid Program, to pay medical transportation providers to transport Medicaid recipients to medical facilities for non-emergency medical care. There is even legislation which regulates the vehicles allowed to transport these patients.[2]
There is no legislation involving non-emergency transportation to non-Medicaid recipients; however, noting that there is a constitutional prohibition against donating public services, there are extensive laws providing for private ambulance services in emergency situations and detailed provisions for non-emergency medical transporters, it would appear that public agencies are prohibited from providing free transport services to non-Medicaid recipients.
 It is the opinion of this Office that our laws do not allow law enforcement agencies to provide free transport services when a qualified private service is otherwise contracted to provide services to that jurisdiction. Additionally, it would appear that law enforcement agencies would be risking potential liability should they take it upon themselves to transport someone for free and an accident would occur.
 I hope this opinion has adequately addressed your questions. If you need any further information, please do not hesitate to contact this office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 WILLIAM P. BRYAN, III Assistant Attorney General
CCF, Jr./WPB, III/sfj
[1] R.S. 28:53(F) provides:
 F. An emergency certificate shall constitute legal authority to transport a patient to a treatment facility and shall permit the director of such treatment facility to detain the patient for diagnosis and treatment for a period not to exceed fifteen days, and to return the patient to the facility if he is absent with or without permission during authorized periods of detention. If necessary, peace officers shall apprehend and transport, or ambulance services under appropriate circumstances, may locate and transport, a patient on whom an emergency certificate has been completed to a treatment facility at the request of either the director of the facility, the certifying physician or psychologist, the patient's next of kin, he patient's curator, or the agency legally responsible for his welfare. The director of the treatment facility shall notify the patient's nearest relative, if know, or designated responsible party, if any, in writing of the patient's admission by emergency certificate as soon as reasonably possible.
[2] R.S. 46:450.2 addresses the regulations placed on vehicles engaged in providing nonemergency, nonambulance transportation and the process for DHH inspection.